# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR616-008 |
| | ) | |
| WILLIAM BUGGS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant William Buggs filed a "motion to access the courts," contending that he is "being denied meaningful access to the courts" because he has been placed in administrative segregation for the past 120 days. Doc. 38. But even he acknowledges that such an allegation is inappropriate in this, his *criminal* case. *Id.* at 2 (requesting, "alternatively," that his "petition" be "construed as a claim brought pursuant to 42 U.S.C. 1983"). This claim, if Buggs seeks to pursue it, must be brought in a separate, civil action governed by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA), which requires *all* prisoners — even those who are allowed to proceed IFP — to pay the full filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The entire filing fee must be paid even if the suit is dismissed at the outset

because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief. Buggs cannot sneak in such a claim under his criminal case and avoid either payment of fees or the prophylactic questions set forth in the Court's form § 1983 Complaint.[1]

In sum, Buggs' motion for access to the courts is **DENIED**.

**SO ORDERED,** this __2nd__ day of July, 2019.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The federal courts have long made available to jails and prisons specific forms for filing habeas and civil rights cases. In *Williams v. Freesemann*, 2015 WL 6798946 at * 1 n. 4 (S.D. Ga. Oct. 15, 2015), this Court noted that some inmate-litigants bypass those forms in favor of "home-brewed" filings. Adverse factors can motivate that effort. The Court's forms force inmates to answer questions aimed at capturing things like 28 U.S.C. § 1915(g) strikes and repeat (*e.g.*, successive writ) habeas filings. *See, e.g.*, *Bright v. Corizon Health Corp.*, 2015 WL 9257155 at * 1 (S.D. Ga. Dec. 18, 2015) ("Bright's incentive to omit his prior case information is strong because of the § 1915(g) three-strike bar."). "Home-brewers" typically omit those prophylactic questions from their filings. Plaintiff must complete and sign his form Complaint answering these questions before the Court can screen it.